FILED
DECEMBER 5, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY CONNOLLY, ) | |
| ) | |
| Plaintiff, ) | 07 C 6858 |
| ) | |
| vs. ) | |
| ) | |
| LAW OFFICES OF MITCHELL ) | |
| N. KAY, P.C. ) | JUDGE KENDALL |
| ) | MAGISTRATE JUDGE SCHENKIER |
| Defendant. ) | |

## COMPLAINT

### INTRODUCTION

1. Plaintiff Mary Connolly brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Law Offices of Mitchell N. Kay, P.C. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff within this District;

   b. Defendant transacts business within this District.

### PARTIES

4. Plaintiff Mary Connolly is an individual who resides in the Northern District of Illinois.

5. Defendant Law Offices of Mitchell N. Kay, P.C. is a corporation chartered under the law of New York with offices at 7 Penn Plaza, Suite 1801, New York, NY 10001.

6. Law Offices of Mitchell N. Kay is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Law Offices of Mitchell N. Kay is a debt collector as defined in the FDCPA.

## FACTS

8. On November 13, 2007 a. representative of Law Offices of Mitchell N. Kay, P.C., using the name Ms. Montenez, left a message on plaintiff's voicemail.

9. Law Offices of Mitchell N. Kay, P.C. was attempting to collect a debt incurred for personal, family or household purposes.

10. The first message, stated:

**Message is for uh Mrs. Mary Connolly, this is Ms. Montenez contacting you with the Law Offices of Mitchell Kay, you need to return call ma'am immediately. You can reach me toll free at (888) 647-5699 refer to file # 66053037.**

11. The number 888-647-5699 belongs to defendant.

## COUNT I – FDCPA

12. Plaintiff incorporates paragraphs 1-11.

13. The telephone message was a "communication" within the meaning of 15 U.S.C. §§1692d(6) and 1692e. *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

14. The message violates 15 U.S.C.1692e(11) because it does not contain the warning required by 15 U.S.C. §1692e(11).

15. Section 1692e provides:

**§ 1692e.    False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1)     Statutory damages;

(2)     Actual damages;

(3)      Attorney's fees, litigation expenses and costs of suit;

(4)      Such other and further relief as the Court deems proper.


s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
        & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## **JURY DEMAND**

Plaintiff demands trial by jury.

                                                                               s/Daniel A. Edelman
                                                                               Daniel A. Edelman

## **NOTICE OF LIEN**

   Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

              s/Daniel A. Edelman
              Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
 & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\20631\Pleading\Complaint_Pleading.wpd